```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF INDIANA
                       SOUTH BEND DIVISION

RYAN L. FISEL,                )
                              )
Plaintiff,                    )
                              )
v.                            )      CAUSE NO. 3:07-CV-523
                              )
WILLIAM WILSON,               )
                              )
Defendants.                   )
```

## OPINION AND ORDER

This matter is before the Court on the (1) Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus By A Person in State Custody, filed by Plaintiff, Ryan L. Fisel, a *pro se* prisoner, on October 25, 2007 (DE #1); and (2) Motion for Injunctive Relief, filed by Plaintiff, Ryan L. Fisel, on February 21, 2008 (DE #9). For the reasons set forth below, the habeas corpus petition is **DISMISSED** because Fisel has not exhausted the claims presented. Additionally, the motion for injunctive relief is **DENIED AS MOOT**.

BACKGROUND

Fisel pled guilty to burglary and resisting law enforcement on July 24, 2006, in the Allen County Superior Court, cause number, 02D04-0510-FB-150. That same day, the trial court sentenced him to ten years in prison, with two years suspended. (Petition for Habeas Corpus, ¶¶ 1-5, DE # 1 at 1). Fisel did not directly appeal his conviction and sentence to the Indiana Court of Appeals.

Later, however, he filed a motion for post-conviction relief in the trial court. In Fisel's words, when he submitted the motion for post-conviction relief was "debatable." (*Id.* at 3.)

According to the case summary that the respondent submitted with his reply, Fisel filed a petition for post-conviction relief on February 6, 2007. (Ex. A to Return Order to Show Cause, DE #7-2, at 6.) On February 22, 2007, the trial court ordered the Clerk to indicate that the petition was not filed because it was incomplete. (*Id.*) Fisel contends the trial court improperly refused to accept the petition; he maintains that during January of 2007,[1] it was "denied, filing withheld." (DE #1 at 3.) Subsequently, on June 27, 2007, Fisel filed another petition for post-conviction relief with the state trial court.

Fisel raises four grounds for relief in the current habeas petition: (1) ineffective assistance of counsel; (2) due process violations; (3) denial of equal access to the law; and (4) alleged withholding of exculpatory evidence. (DE #1 at 3.) He signed the habeas petition on October 23, 2007, and it was filed on October 25, 2007.

The respondent maintains this habeas petition must be dismissed because none of the claims are exhausted. (Return to Order to Show Cause, DE # 7 at 2.) He points out that, based upon

---

[1]Because the petition in question was filed after January 2007, this date cannot be correct.

the record before this Court, Fisel's state court petition for post-conviction relief is still pending and has not been litigated. (Memorandum in Support of Return to Order to Show Cause, DE # 8 at 2-3.)  The trial court's last action regarding that petition occurred in January 2008, when it granted the respondent's motion to submit the petition for post-conviction relief by affidavit. (DE # 7-2 at 8.)

DISCUSSION

In *Lewis v. Sternes*, 390 F.3d 1019, 1025-1026 (7th Cir. 2004) (parallel citations omitted), the United Sates Court of Appeals for the Seventh Circuit stated:

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts. *Baldwin v. Reese*, 541 U.S. 27 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971).  "Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in the federal habeas proceeding does it make sense to speak of the exhaustion of state remedies." *Id.* at 276.  Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. *Boerckel*, 526 U.S. at 845.  This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory. *Ibid*.

The record in this matter shows that the claims Fisel raised in this habeas petition have not been presented "through one complete

round of state-court review" and, therefore, have not been exhausted.

At the outset, Fisel admits that he did not seek direct review of his conviction and sentence in the state appellate courts. Instead, on February 6, 2007, he filed a petition for post-conviction review. That petition was his first attempt to challenge his conviction and sentence. Although Fisel asserts the trial court denied the petition, he is mistaken. The chronological case summary shows that on January 14, 2008, the trial court granted the state's motion that Fisel's pending petition for post-conviction relief be submitted by affidavit. (DE # 7-2 at 5-7.) Contrary to Fisel's assertion, nothing in the record before this Court indicates that the trial court has ruled on his claims.

In his reply, Fisel argues the trial court improperly rejected the filing of his petition. His statement that the trial court "denied, filing withheld" the first post-conviction relief petition, suggests that he considers the refusal to accept the petition as a final disposition. However, the trial court's order rejecting as "incomplete" Fisel's February 6, 2007, petition for post-conviction relief provided that "upon submission of completed petition, court will accept same as filed that date." (DE # 1-9 at 4). The Court understands "that date" refers back to February 6,

4

2007.[2]  Fisel filed another petition for post-conviction relief on June 27, 2007, which the trial court accepted.  Because the trial court deemed the second petition as having been filed on February 6, 2007, its provisional treatment of the first post-conviction relief petition was not final.

Even assuming the trial court's refusal to accept the petition in February of 2007 ended the matter, Fisel indicates that he did not appeal the original decision not to accept the petition. (DE # 1 at 5.)  Notwithstanding, Fisel contends that "he has exhausted the remedies available in the courts of the state of Indiana." (DE # 1-2 at 2; Response to Return to Order to Show Cause, DE # 10 at 3.)  He maintains that under 28 U. S. C. §2254(b)(i)(ii), the state court's processes are ineffective to protect his rights "because he cannot receive relief other than through" this Court.  (DE # 1-2 at 2.)  This argument is an attempt to avoid the exhaustion requirement under the doctrine commonly referred to as the "futility exception."

In *Duckworth v. Serrano*, 454 U.S. 1, 3 (1980), the Supreme Court recognized that a state prisoner's writ of habeas corpus could not be granted before state remedies were exhausted.  *See* 28 U.S.C. §§ 2254(b) and (c). An exception to the exhaustion requirement applies only "if there is no opportunity to obtain

---

[2] The respondent argues that Fisel's habeas petition is untimely (DE # 8 at 3, fn. 2.)  It is unclear how the respondent arrived at this conclusion, however.

5

redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth*, 454 U.S. at 3. However, in order to fully exhaust available state remedies, the United States Court of Appeals for the Seventh Circuit has held it is necessary to implement Indiana's procedure for post-conviction relief. *Evans v. Lane*, 419 F.2d 1337 (1970).

Once again the basis for Fisel's assertion that it would be unavailing to pursue his claims in the state courts is his apparently erroneous belief that the trial court denied his petition for post-conviction relief. As previously discussed, that has not happened. If the trial court had denied the petition, to exhaust his claims Fisel would have had to appeal such a ruling in the state courts before proceeding here with a habeas petition. He indicates that he has not done so. Furthermore, an adverse decision would not warrant applying the futility exception. In *Spreitzer v. Schomig*, 219 F.3d 639, 647 (7th Cir. 2000), the Seventh Circuit found: "the pertinent question is not whether the state court would be inclined to rule in the petitioner's favor, but whether there is any available state procedure for determining the merits of petitioner's claim."

Although Fisel believes the trial court denied his petition, he is mistaken. Because Fisel's state court petition for collateral relief is currently pending, it is indisputable that the futility

exception to excuse the exhaustion requirement is unavailable in this case.

While it seems that a failure to exhaust would be sufficient in itself to dismiss these claims, "a district court [is required] to consider whether a stay is appropriate under circumstances . . . where the dismissal would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). Habeas corpus petitions are subject to a one year statute of limitations which runs from the latest of four specific events set forth in 28 U.S.C. § 2244(d(1)(A)-(D). None of the grounds raised in Fisel's habeas corpus petition are based on a newly-recognized constitutional right or newly-discovered evidence. Nor does Fisel ever suggest that the State of Indiana physically prevented him from filing a habeas corpus petition. As a result, the deadline to file the habeas petition is determined under 28 U.S.C. § 2244(d)(1)(A),"the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

To determine whether the case should be stayed, the Court must calculate the amount of time, if any, remaining for Fisel to refile this petition, if necessary, once state court proceedings are completed. The trial court sentenced Fisel on July 24, 2006. Thirty days later, on August 24, 2006, the time expired to file a notice of appeal. Ind. R. Crim. P. 19. Because he did not seek

direct appeal in the Indiana Court of Appeals, the 1-year deadline to file a habeas petition was August 24, 2007, one year after the time to take a direct appeal ended. Both of the petitions for post-conviction relief were filed before the deadline passed. 28 U.S.C. § 2244(d)(2).

A petition for post-conviction relief must be "properly filed" to toll the one - year habeas deadline. *See Artuz v. Bennett*, 531 U.S. 4, 10-11 (2000)(holding an application for state post-conviction or collateral review is properly filed for purposes of section 2244(d)(2)'s tolling provisions despite failing to fully comply with a state's procedural requirements). In this case, the later petition cured the first petition's defects. Furthermore, the trial court provided that once Fisel submitted a complete petition its filing date would relate back to the date he filed the first petition. Consequently, using the February 6, 2007, date, slightly more than six months remain for Fisel to refile the habeas petition when all state proceedings end. The "clock" will restart then, with ample time remaining for Fisel to file a habeas petition. Under the circumstances, a stay is not necessary or appropriate in this case because dismissal will not effectively foreclose habeas review. Justice does not require the court to stay this case until Fisel completely exhausts his state court remedies.

Lastly, Fisel's motion for injunctive relief seeks to restrain Allen County Superior Court Chief Judge Gull from presiding over

8

"any future proceedings of any issue pertaining to this cause, or future causes of this Petitioner," because the judge is allegedly "prejudice[d] and biased" against him.  As support for this claim, Fisel cites the Judge's alleged failure to act on Fisel's complaint against a state court employee.  He maintains that employee's actions exhausted his state court remedies.  As previously discussed, Fisel's state court remedies are not exhausted.

Fisel has not shown the Judge is actually biased against him. Moreover, as this petition is being dismissed, Fisel cannot establish entitlement to injunctive relief. *See Ty v. The Jones Group*, 237 F.3d 891, 895 (7th Cir. 2001)(recognizing that a party seeking to obtain a preliminary injunction must demonstrate: (1) some likelihood of success on the merits of the case; (2) that no adequate remedy at law exists; and (3) the denial of injunctive relief will result in irreparable harm).  Therefore, the motion for injunctive relief is denied as moot.

CONCLUSION

For the reasons set forth above, the Court **DISMISSES** the habeas petition (DE # 1)because none of the claims presented is exhausted. Furthermore, the motion for injunctive relief (DE #9) is **DENIED AS MOOT.**

**DATED: April 9, 2008**                               **/s/ RUDY LOZANO, Judge**
                                                      **United States District Court**